AO 91 (Rev. 11/11)  Criminal Complaint       SEALED BY ORDER OF THE COURT

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America v. Gregory Smith, a/k/a " OG Nutty" and "GNutty" *Defendant(s)* | Case No. **CR 21-71720-MAG** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 10, 2021  in the county of  Monterey  in the Northern District of California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), and (b)(1)(C) | Distribution of methamphetamine |

This criminal complaint is based on these facts:

Please see attached affidavit of ATF Special Agent Oluwatoba O. Awolola

☐ Continued on the attached sheet.

/s/
*Complainant's signature*

Oluwatoba O. Awolola, ATF Special Agent
*Printed name and title*

Approved as to form _____
    AUSA Neal C. Hong _____

Sworn to before me by telephone.

Date: 11/01/2021

*Judge's signature*

City and state: McKinleyville, CA            Robert M. Illman U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT OF OLUWATOBA O. AWOLOLA
IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT

I, Oluwatoba O. Awolola, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. Based on the information below, I believe that Gregory Smith distributed methamphetamine on February 10, 2021, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

2. I submit this affidavit in support of an application for a complaint and arrest warrant for Smith.

3. I am a Special Agent in the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since April 2013. I am presently assigned to the ATF San Jose Field Office in San Jose, California. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

4. As an ATF Special Agent, I have been trained to conduct and participate in both state and federal investigations involving the illicit possession of firearms, the trafficking of firearms, and the distribution of controlled substances. I have received training in how to investigate and assist in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. I have received training and participated in various types of investigative techniques, including using electronic surveillance and undercover agents and informants. I have participated in physical surveillance operations, and have applied for and participated in the execution of federal arrest warrants. In addition to using these investigative techniques, I have been trained to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, and telephone toll and subscriber records.

5. Prior to my employment with the ATF, I was a non-commissioned officer in the United States Army, and I currently hold a commission in the United States Army Reserves (USAR).

6. The facts in this affidavit come from my personal observations, my training and experience, law enforcement databases, and information obtained from other agents and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. In addition, where statements made by other individuals are referenced in this Affidavit, such statements are described in sum and substance and in relevant part.  Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

## FACTS ESTABLISHING PROBABLE CAUSE

7. On January 23, 2020, an ATF confidential informant (CI)[1] informed ATF agents that he/she met an individual who went by the name "OG Nutty" and "GNutty" who had access to firearms and drugs.  The CI gave ATF agents OG Nutty's license plate.  A California Highway Patrol officer recognized the moniker and informed ATF that GNutty was Gregory Smith. ATF agents showed Gregory Smith's DMV photo to the CI, and the CI positively identified him.

8. As provided below, the CI met with Smith on two occasions to purchase methamphetamine.  Specifically, the CI purchased approximately 40 grams of methamphetamine from Smith on February 10, 2021, and approximately 27 grams of methamphetamine on February 17, 2021.  Each meeting was audio/video recorded.  Prior to and after the controlled buys described herein, ATF searched CI for contraband, and none was found.

<u>February 10, 2021: Controlled purchase of methamphetamine</u>

---

[1] For approximately 8 years, the CI has regularly assisted ATF in investigations and has received financial compensation for this work.  This includes significant monetary payments for the CI's participation in the instant investigation.  The CI has a felony conviction for Robbery which predated his work with ATF.  Information provided by the CI to ATF has, to date, been found to be credible based on law enforcement corroboration of information provided by the CI.

9. On February 5, 2021, the CI sent a text to Smith that stated, in part, that the CI needed "2 zips of clear by Tuesday." Smith agreed to meet the CI on February 9, 2021. Based on my training and experience, as well as my involvement in this investigation, I know that the CI was referring to two ounces ("2 zips") of methamphetamine ("clear").

10. On February 8, 2021, the CI called Smith to ask how much Smith would charge for two ounces of methamphetamine. Smith told the CI that he charges $250 for "Grade A." Based on my training and experience, I know that "Grade A" is a reference to high-quality narcotics. Smith also told the CI that he had an "untraceable" firearm with 30 rounds of ammunition for sale for $950.

12. On February 10, 2021, after a failed attempt to meet, the CI called Smith to arrange the meeting. Smith told the CI that he (Smith) needed to make arrangements with his associate. Smith also told the CI that he (Smith) had a personal firearm. The CI offered to buy the firearm, but Smith told the CI that he needed it for his own protection against the "oppositions," which Smith referred to as the "Mexicans." The CI offered $1050 for the firearm but Smith declined to sell it.

13. The CI later went to 21 Soledad Street in Salinas, California, and called Smith. Salinas is within the Northern District of California. During this call, Smith told the CI that he (Smith) could only sell the CI one and a half ounces of methamphetamine. Smith also told the CI that he would sell the CI his firearm for $1050. The CI met with Smith in a tent in a neighborhood within Salinas known as "Chinatown." Chinatown consists of a few blocks near downtown Salinas hosting numerous tents along the streets and is known for drug, firearms, and gang-related activity. Smith sold the CI a pistol and methamphetamine for $1425.

14. The methamphetamine provided by Smith was found to have a total weight of approximately 40.985 grams of pure methamphetamine (+ or – 2.52 grams). Due to the lack of a serial number and manufacturer identification markings, the pistol that the CI bought from Smith was determined to be a privately made firearm also known as a "ghost gun."

February 17, 2021: Controlled purchase of methamphetamine

15. On February 15, 2021, the CI called Smith and told Smith that the CI needed another firearm by that Wednesday. Smith said that he needed to talk to the CI in person and that he would arrange it. On February 17, 2021, Smith told the CI that he could get him a Glock for $1200. Approximately 15 minutes later, Smith told the CI that he had drugs ready for purchase, but he needed more time to acquire the firearm.

16. Later that day, Smith informed the CI that the firearm transaction would not occur that day. Smith texted the CI: "There ain't gonna be more of them till next week." However, the two agreed to continue with the methamphetamine sale.

17. The CI met Smith in a tent in Salinas' Chinatown. Inside the tent, Smith sold the CI approximately an ounce of methamphetamine. The methamphetamine was determined to have a total weight of approximately 27.464 grams of pure methamphetamine (+ or – 1.688). Methamphetamine is a schedule II controlled substance.

## CONCLUSION

18. Based on the foregoing, I believe that there is probable cause to believe that Gregory Smith violated 21 U.S.C. §§ 841 and (b)(1)(C) by distributing methamphetamine to the CI of February 20, 2021. Accordingly, I respectfully request that the Court issue a warrant for his arrest.

/s/
_____
OLUWATOBA O. AWOLOLA
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this ___ day of ~~October, 2021~~.

1 day of November, 2021   _____
HON. ROBERT M. ILLMAN
United States Magistrate Judge

4

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [X] COMPLAINT    [ ] INFORMATION    [ ] INDICTMENT    [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[X] Felony

PENALTY: Maximum Penalties: 20 years of imprisonment; $250,000 fine; not less than 3 years of supervised release to life; $100 special assessment; and forfeiture

### DEFENDANT - U.S

▶ Gregory Smith

DISTRICT COURT NUMBER

## PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
ATF

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
[ ] U.S. ATTORNEY    [ ] DEFENSE

SHOW DOCKET NO.

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: Stephanie M. Hinds
[X] U.S. Attorney    [ ] Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): Neal C. Hong

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) [X] If not detained give date any prior summons was served on above charges ▶ _____

2) [ ] Is a Fugitive

3) [ ] Is on Bail or Release from (show District) _____

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction    [ ] Federal [ ] State
6) [ ] Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution _____

Has detainer been filed? [ ] Yes [ ] No    If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS    [ ] NO PROCESS*    [X] WARRANT    Bail Amount: _____

If Summons, complete following:
[ ] Arraignment    [ ] Initial Appearance

Defendant Address: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments: